IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTON JOEY WATTS, | No. 2:16-cv-0540-TLN-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION |
| KELLY SANTORO, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (Doc. 12), petitioner's opposition (Doc. 15), and respondent's reply (Doc. 18). Petitioner also filed additional exhibits in support of his opposition (Doc. 22).

**I.    BACKGROUND**

Petitioner is challenging his 2009 conviction out of the Colusa County Superior Court. His conviction was affirmed by the California Court of Appeal in June 2011, and the California Supreme Court denied review on September 14, 2011. Petitioner filed[1] a state habeas

---

[1] The filing dates used here are the most beneficial to petitioner, and take advantage of the "prison mailbox rule." See Houston v. Lack, 487 U.S. 266 (1988); Stillman v.

1

petition in the Colusa County Superior Court on April 17, 2014, which was denied on July 25, 2014. He then filed a petition in the California Court of Appeal on October 23, 2014, which was denied on October 28, 2014. He filed his petition in the California Supreme Court on December 22, 2014, which was denied June 10, 2015. In addition, prior to filing his habeas petition in the California Supreme Court, he filed a motion for reconsideration in the Colusa County Superior Court on November 4, 2014, which was denied on December 10, 2014. Finally, he filed his current petition in this court on March 9, 2016.

## II.    MOTION TO DISMISS

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n.12. The petitioner bears the burden of showing that he has exhausted state remedies. See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

Respondent brings this motion to dismiss petitioner's habeas corpus petition as filed beyond the one-year statute of limitations, pursuant to 28 U.S.C. § 2244(d). Petitioner agues the merits of his petition should be heard and asserts that he should be granted equitable

---

LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (applying rule to prisoner's habeas corpus petition).

2

tolling.

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires federal habeas corpus petitions to be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year limitations period begins to run the day after certiorari is denied or the Court issued a merits decision. See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day. If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996. See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be

"properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 552 U.S. 3 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending"during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27. Because "California courts had not provided authoritative guidance on this issue," the Supreme Court in Chavis "made its own conjecture... 'that California's "reasonable time" standard would not lead to filing delays substantially longer than' between 30 and 60 days." Robinson v. Lewis, 795 F.3d 926, 929 (9th Cir. 2015) (quoting Evans v. Chavis, 546 U.S. 189, 199 (2006)).

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

Here, petitioner is challenging his 2009 conviction. Petitioner appealed his conviction to the California Court of Appeal, which affirmed his conviction in June 2011. The California Supreme Court denied review on September 14, 2011. As no petition for certiorari was filed, the statute of limitations commenced after the 90 day period of time for filing a petition for writ of certiorari, or December 14, 2011. The statute of limitations expired one year later, on December 13, 2012.

Petitioner did not file his first state habeas petition until April 17, 2014, a year and a half after the statute of limitations expired. As the habeas petitions were not filed within the statute of limitations period, petitioner is not entitled to any statutory tolling. His federal habeas petition was not filed until March 9, 2016, three and a half years after the statute of limitations expired. Therefore, without equitable tolling, petitioner's federal habeas petition is untimely and barred by the statute of limitations.

The Supreme Court has determined the statute of limitations under 28 U.S.C. § 2244(d) is subject to equitable tolling principles. See Holland v. Florida, 560 U.S. 631, 645 (2010). To be entitled to equitable tolling, the petitioner must demonstrate that: (1) he has been diligent in pursuing his rights; and (2) extraordinary circumstances prevented him from filing on time. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). In a case where the petitioner is alleging a mental impairment as the basis for his equitable tolling claim, "the petitioner must meet a two-part test:

> (1) First, a petitioner must show his mental impairment was an 'extraordinary circumstance' beyond his control by demonstrating the impairment was so severe that either
>     (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
>     (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance."

Bills v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir. 2010) (*quoting* Holland, 560 U.S. at 649).

Reading petitioner's opposition broadly, he contends that he is entitled to equitable tolling due to a mental impairment. He states that both of his parents passed away, which caused him mental distress. He has also provided some medical records which indicate he has suffered from depression at least since 2013, for which he was prescribed medication and was admitted to the mental health treatment system at the Correctional Clinical Case Management System (CCCMS) level sometime before 2013.

However, petitioner fails to meet the two-part test for his claim to equitable tolling. First, petitioner fails to address the issue of his mental impairment during the relevant time period. The medical records provided indicate that he was a CCCMS inmate by 2013, but there are no medical records covering the most relevant years of 2011 and 2012. Even if the court were to assume that he was placed in CCCMS for his depression in 2011, having been diagnosed with depression does show that he was unable to understand the need to timely file his habeas petition. In fact, the medical records petitioner provided indicates that he was functioning well, "was engaging and cooperative and seemed to be of average intelligence." (Doc. 22, at 64). In reviewing the medical records petitioner provided, the court found nothing to indicate his mental capacity was diminished. Similarly, as to the death of petitioner's parents in 2010 and 2011, while certainly difficult and likely contributed to his depression, there is no indication that petitioner suffered any type of mental deterioration in dealing with these deaths. Even if petitioner was granted some equitable tolling during the time of his parents' deaths, both passed away prior to the expiration of the statute of limitations. Petitioner fails to show that he was mentally incapable of understanding the necessity of timely filing his petition for over two years after the statute of limitations expired (between the time the statute of limitations began and the filing of his first state habeas in 2014).

In opposition of petitioner's claim to equitable tolling, respondent argues petitioner was capable of sufficiently functioning while incarcerated in CCCMS, including attending adult basic education courses. He was also able to complete and file his state habeas

petitions in 2014 while continuing in CCCMS. Respondent's argument is persuasive.

Second, petitioner fails to address the second prong of the test at all, showing due diligence in pursuing the claims to the extent he could understand them. Indeed, petitioner fails to provide the court with any information as to what changed in his mental capacity between 2011 and 2014. Nor has he provided the court with information as to any attempts he may have made to pursue his claims during the relevant time period. There is simply nothing before the court that shows petitioner acted with due diligence to the best of his ability.

Accordingly, the undersigned finds petitioner's claim is insufficient to meet the standards required to qualify for equitable tolling.

### III. CONCLUSION

The undersigned finds the petitioner's federal habeas petition was filed beyond the statute of limitations, and petitioner is not entitled to equitable tolling.

Based on the foregoing, the undersigned recommends respondent's motion to dismiss (Doc. 12) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 13, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE